JANUARY TERM, 1882, No. 397.          JANUARY 8, 1883.          3p   453
e41SC 180

## Ulmer *v.* Gentner.

1. In order to detect whether the signature to a paper in evidence is forged or not, comparison may be made by the jury between the disputed signature and those of the party well authenticated, and also by witnesses who have knowledge of his handwriting, but this rule does not extend to experts.

2. Experts may be permitted to say whether a signature be forged or simulated, and give their conclusions.

3. In an issue directed by the Orphans? Court to try whether a certain due bill was signed by a decedent, the defendant sought to introduce in evidence, through expert testimony, a magnified drawing of certain portions of the signature in dispute, for the purpose of showing that it differed from admittedly genuine signatures in the minute structure of some parts not visible to the ordinary naked eye.  *Held,* that as the drawing was only the copy of a part of the signature, it was clearly inadmissible for the purpose offered.

Before MERCUR, C. J. ; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

[Ulmer *v.* Gentner.]

Error to the Court of Common Pleas, No. 3, of *Philadelphia County.*

Feigned issue, between Frederick Gentner, plaintiff, and John George Ulmer, executor of the last will and testament of L. D. Bek, deceased, defendant, awarded by the Orphans' Court of Philadelphia county, to determine the genuineness of the signature to, and the existence of, a valid and sufficient consideration for a certain obligation or due bill. The due bill was written in German, and the following is the translation: "I, the undersigned, L. D. Bek, acknowledge, by these presents, that I am indebted to Frederick Gentner, 314 Brown street, who has been teacher in my native place, Bissengen, on the Enz, kingdom of Wurtemburg, in the sum of $5,000 (five thousand dollars), for services he rendered to me, as well as for recompensation, and so forth, which sum shall be paid to him, or his heirs, besides interest thereof from January 1, 1875, but not until after my death, by my executor, whoever it may be, upon producing this due bill, without any objection whatsoever, and before any of the legacies which I make in my last will shall be paid, because this is a debt of honor, and shall be paid first. And should my estate be not sufficient to pay all legacies, then what is wanted shall be deducted of the amount I will give my relations in Bissengen.

LUDWIG DAVID BEK.

PHILADELPHIA, *May 25, 1876.*"

Before the case came to trial, Frederick Gentner, the plaintiff below, died, and Charles R. Gentner, administrator *c. t. a.* of his estate, was substituted as plaintiff upon the record.

On the trial, before FINLETTER, J., Thomas May Pierce, an expert in handwriting, was called by defendant and testified that he held in his hand enlarged drawings, made at the laboratory of Dr. Cresson, of a number of signatures, among them one of that to the due bill in question; that he was present when these drawings were "proved," and the process was described to have been as follows: "The signature is put in a lantern, which is illuminated by lime lights, and so on, and it throws an image on a screen some ten or fifteen feet off—a ground-glass screen. The doctor keeps upon his screen such papers as I hold in my hand and then for the purpose of use in court, the paper is placed upon this screen, and the image is thrown upon the paper to see if the two are identical, or, in other words, to prove the correctness of the drawing."

[Ulmer v. Gentner.]

The witness was then asked: "Will you please show to the jury the drawing of the signature to the alleged due bill?" Objected to. Objection sustained; offer and question overruled. Exception. (Seventh assignment of error.)

The witness was also asked: "Have you examined the signatures of L. D. Bek to the receipts in the receipt-book of T. L. Gillespie, on the small piece of paper clipped from the will, and on the last will and testament of L. D. Bek, in evidence, and, if so, what is their character and general uniformity of execution?" Objected to. Objection sustained; offer and question overruled. Exception. (Eighth assignment of error.)

The following question was then put to the witness: "Have you examined the signatures of L. D. Bek to the receipts in the receipt-book of T. L. Gillespie, and the signature on the small piece of paper marked with the initials 'T. K. F.', all now in evidence, with a magnifying glass, and if so, can you give the Court and jury illustrations of the minute structure of some parts of the signatures not visible to the ordinary naked eye?"

THE COURT: What do you mean by illustrations—drawings?

*Defendant's counsel*: Yes, sir.

Objected to. Objection sustained, question overruled. Exception. (Ninth assignment of error.)

Verdict for the plaintiff, finding that L. D. Bek had signed the due bill, and that there was valid and sufficient consideration therefor, upon which judgment was afterward entered.

The defendant thereupon took this writ, assigning for error, *inter alia*, the rejection of his offers in connection with the testimony of the expert Pierce, quoted *supra*.

*F. Carroll Brewster* (*William H. Staake* with him) for plaintiff in error.

Under Travis v. Brown, 43 Penn. St., Rep. 9, "special skill" may be called upon to assist, "when the common intelligence" supposed to be possessed by the jury is not fully "adequate to the occasion."

We contend that the expert should be allowed to give his conclusions of skill, and illustrate these conclusions for the assistance of the common intelligence of the jury, by showing to the jury the special characteristics and uniformity of construction of the genuine signatures in evidence. The minds of the jurymen being directed to these special characteristics, they would then take the

genuine signatures, and, comparing the contested signature with them, conclude if the latter is simulated or not: Travis *v.* Brown, *supra ;* Ballentine *v.* White, 77 Penna., 20 ; Fulton *v.* Hood, 34 Penna., 365 ; Reese *v.* Reese, 7 W. N. C., 275.

The enlarged tracings were admissible as illustrations: Insurance Co. *v.* Schaible, 1 W. N. C., 369 ; Udderzook *v.* Commonwealth, 26 Smith, 340.

*W. W. Ker* (*F. Amadee Bregy* with him) for defendant in error.

JANUARY 22, 1883.—PER CURIAM : Under a clear and correct charge the jury found the signature was not a forgery, and that the note was given upon a valid and sufficient consideration. The evidence was amply sufficient to justify the verdict.

We discover no error in the rejection of evidence. Some offered was clearly irrelevant. A magnified drawing of the outer lines of the signature is only the copy of a part thereof, and was clearly inadmissible for the purpose offered. It is not like a photograph of the whole signature. Comparison may be made by the jury between the disputed signature and those of the party well authenticated, and also by witnesses who have knowledge of his handwriting, but this rule does not extend to experts. They may testify whether a signature be forged or simulated, and give their conclusions : Travis *v.* Brown, 7 Wright, 9.

Judgment affirmed.